IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MONTREL JAFAR BANKS**                                                                                    **PLAINTIFF**
**#2857415**

v.                              No: 4:25-cv-00340-DPM-PSH

**FAULKNER COUNTY JAIL,** *et al.*                                            **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Montrel Jafar Banks, a pre-trial detainee at the Faulkner County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 10, 2025 (Doc. No. 2). Banks was subsequently granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims (Doc. No. 3). Banks was informed that a jail was not an entity that could be sued

and instructed to specifically describe the defendants he sues and in what capacity he sues them. *Id.* He was also directed to explain how each defendant violated his constitutional rights and to limit his claims to those that are factually related if he sued more than one defendant. *Id.* Faulkner was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed.[1] *Id.* On May 1, 2025, Banks filed an amended complaint (Doc. No. 4). He has also filed a motion for summary judgment (Doc. No. 5) and a motion to have the jail inspected (Doc. No. 6). The Court has screened Banks' amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is

---

[1] It is "well-established" that subsequent complaints supersede prior complaints and render preceding complaints "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Banks names the Faulkner County jail, Sergeant Strassner, and Lieutenant Doyle as defendants and sues them in their official capacities. Doc. No. 4 at 1-2. He alleges that the living conditions in the jail are unsanitary; that he has been exposed to fungus, mold, and mildew in the showers; that no sheets are provided for the sleeping mats; and that medical tests are not performed without payment, causing him stress and to be exposed to diseases

such as tuberculosis, hepatitis, and possibly others. *Id.* at 4. He also claims he has developed athlete's foot and a lump on his lip. *Id.* at 4-5. Finally, Banks complains that Strassner or Doyle have not handled his grievances appropriately, thereby violating his First Amendment rights. *Id.* at 5.

Banks names only two individual defendants: Sergeant Strassner and Lieutenant Doyle. Their only alleged involvement concerns the handling of his grievances. Those claims fail as a matter of law. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, Banks' claims against Strassner and Doyle should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Additionally, Banks' conclusory allegations that he has been exposed to unsanitary conditions, including mold, fungus, and mildew, in the Faulkner County Detention Center are insufficient to state a claim. *See Twombly, supra.* The same is true for his allegation that he is exposed to various diseases in the jail because inmates are not tested unless they pay for medical tests, as well as his allegation that

he has contracted athlete's foot and a small lump on his lip.  Banks provides no factual details to support any of these allegations and does not specifically allege that he has been denied medical treatment.  Most importantly, he does not name or describe any defendant responsible for these conditions.  Rather, he names the jail itself as a defendant, and a county detention center is not a suable entity.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).

For these reasons, the Court recommends that Banks' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Banks' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2 All pending motions be denied as moot.

3. Dismissal of this action be recommended to count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 2nd day of June, 2025.

UNITED STATES MAGISTRATE JUDGE